UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| GALEN DARRELL THIBODEAU, JR. ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Civil No. 05-83-B-W |
| ) | Criminal No. 96-72-B-MAB |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Galen Darrell Thibodeau, Jr. has filed a 28 U.S.C. § 2255 motion challenging his 180-month sentence for being a felon in possession of a firearm. I have screened this motion pursuant to the expectation of Rule 4(b) of the Rules Governing Section 2255 Proceedings. Thibodeau's only claim is that his sentence, imposed pursuant to the United States Sentencing Guidelines was unconstitutional and in violation of the Sixth Amendment to the United States Constitution because the factual basis for his sentencing enhancement was found by a judge and not a jury. I conclude that Thibodeau is not entitled to the relief he seeks and, therefore, I recommend that the Court **DISMISS** the motion because it is facially without merit.

### *Discussion*

Following Thibodeau's plea of guilty, the judge sentenced him to 180-months imprisonment on February 27, 1997. Thibodeau took a direct appeal to the First Circuit Court of Appeals which issued its mandate affirming the conviction on June 2, 1997. Thibodeau does not allege that he filed a petition for writ of certiorari and his ninety days

for doing so would have expired on September 2, 1997. Accordingly, Thibodeau's year to file a timely 28 U.S.C. § 2255 motion has long since expired. See 28 U.S.C. § 2255 ¶ 6(1). As a consequence, in view of the type of untimely challenge Thibodeau tenders, his only hope would be under ¶ 6(3) of § 2255 which would give Thibodeau a year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Assuming that it would be for the District Court in the first instance to make the retroactivity determination under ¶ 6(3), Ashley v. United States, 266 F.3d 671, 674 (7th Cir. 2001) ("A district judge may determine whether a novel decision of the Supreme Court applies retroactively, and thus whether a collateral attack is timely under § 2244(b)(2)(A) or § 2255 ¶ 6(3)."); see also Wiegand v. United States, 380 F.3d 890, 892-93 (6th Cir. 2004) ("The district court here should decide retroactivity in the first instance. If the district court finds Wiegand filed timely, then it can address the merits of his claim."); Dodd v. United States, 365 F.3d 1273, 1278 (11th Cir.2004) ("[E]very circuit to consider this issue has held that a court other than the Supreme Court can make the retroactivity decision for purposes of § 2255 [¶ 6](3).") cert. granted 125 S. Ct. 607 (2004),[1] the judges in this District have already concluded, in the context of a timely

---

[1] The timing questions of a Booker challenge postured as Thibodeau's may be answered by the Supreme Court's decision which is pending in its review of Dodd. The Supreme Court granted cert on the question:

> Does the one-year period of limitation in paragraph 6(3) begin to run on the date that this Court initially recognizes the right asserted, regardless of whether the right has been newly recognized or made retroactively applicable to cases on collateral review, or does it begin to run on the date [] that a prisoner can show that all three of its prerequisites have been established; that is, that the right asserted "was initially recognized" by this Court, "has been newly recognized" by this Court, and "made retroactively applicable to cases on collateral review?"

§ 2255 motion, that <u>Booker</u> should not be applied retroactively. <u>See</u> <u>Violette v. United States</u>, 365 F. Supp. 2d. 2, 5-6 (D. Me. 2005) (Singal, C.J.); <u>May v. United States</u>, __ F. Supp. 2d __, __, 2005 WL 839101, *1 (D. Me. Apr. 8, 2005) (Hornby, J.); <u>Gerrish v. United States</u>, 353 F. Supp. 2d 95 (D. Me. 2005) (same); <u>Suveges v. United States</u>, Civ. No. 05-18-P-C, 2005 WL 226221, *1  (D. Me. Jan 28, 2005) (Kravchuk, Mag. J.) <u>affirmed</u> Order Adopting Report and Recommended Decision, Feb. 21, 2005 (Docket No. 5) (Carter, J.);  <u>Quirion v. United States</u>, Civ. No. 05-06-B-W,  2005 WL 83832, 3 (D.Me. Jan. 14, 2005) (Kravchuk, Mag. J.) <u>affirmed</u> Civ. No. 05-06 –B-W, 2005 WL 226223 (D. Me. Feb. 1, 2005) (Woodcock, J.).

The First Circuit now has precedent that supports this non-retroactivity determination apropos <u>Booker</u> claims. <u>See</u> <u>United States v. Fraser</u>, 407 F.3d 9, 11 (1st Cir. 2005) ("This court has held that petitions under 28 U.S.C. § 2255 are unavailable to advance <u>Booker</u> claims in the absence of a Supreme Court decision rendering <u>Booker</u> retroactive," citing <u>Cirilo-Muñoz</u>); <u>Cirilo-Muñoz v. United States</u>, 404 F.3d 527, 532-33 (1st Cir. 2005) (recognizing a consensus that <u>Booker</u> is not retroactive to cases no longer in the direct appeal pipeline). And, to date, five other Circuit Courts of Appeal have considered and answered the question in published opinions and the five are unanimous in concluding that <u>Booker</u> does not apply retroactively to cases so postured.  <u>See</u> <u>Lloyd v. United States</u>, __ F.3d __, 2005 WL 1155220 (3d Cir. May 17, 2005); <u>Guzman v. United States</u>, 404 F.3d 139 (2d Cir. 2005); <u>Varela v. United States</u>, 400 F.3d 864 (11th Cir.

---

(Pet'r Br., 2005 WL 353696 at *I; <u>see also</u> United States Br., 2005 WL 122089 at *I.) Given the lively discussion of the operation of this subsection during the March 22, 2005, oral argument, the transcript of which is available at 2005 WL 752741, the Court may well decide that the ¶ 6(3) year runs from the date that the Supreme Court, and not any lower court, makes the case retroactive to cases on direct appeal so that the ¶ 6 (3) provision, although worded differently, has the same prerequisite to ¶ 2255 review as does ¶ 8(2) apropos second or successive motions.

3

2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); see also United States v. Leonard, No. 04-6197, Slip Op., 2005 WL 139183, *2 (10th Cir. Jan. 24, 2005) (unpublished opinion on motion to review sentence).

Thus even if Thibodeau's motion were a timely first motion under 28 U.S.C. § 2255 ¶ 6(3) (a highly debatable proposition), he would not be able to obtain Booker relief.

## *Conclusion*

For the reasons stated above I recommend that the Court summarily **DISMISS** Thibodeau's 28 U.S.C. § 2255 motion.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

June 7, 2005.